## Commonwealth, to use of Markusheva, v. Beile and Schnell.

*Capias—Bail—Liability of surety—Exoneretur.*

When an *exoneretur* has been entered on the bail, judgment will not be entered against the surety on a rule for judgment for want of a sufficient affidavit of defence to the *sci. fa. sur* recognizance on the bond.

Rule for judgment for want of a sufficient affidavit of defence to *sci. fa. sur* recognizance. C. P. No. 5, Phial. Co., Dec. T., 1919, No. 5220.

*G. V. P. Jones,* for plaintiff; *J. F. Masterson,* for defendant.

MARTIN, P. J., June 22, 1922.—Suit was instituted by Lela Markusheva and a writ of *capias* issued against George Nyagrich. Henry Beile and Samuel H. Schnell became sureties. Judgment was entered on a verdict against Nyagrich. A *sci. fa. sur* recognizance issued and was served upon Beile and Schnell, the sureties.

An affidavit of defence was filed by Beile, in which he averred that a writ of *capias ad satisfaciendum* had been issued on Jan. 19, 1922, returnable first Monday of February, and was returned *n. e. i.* on the same day without an effort to serve the defendant, and when the writ was served on deponent, "he thereupon surrendered the defendant, George Nyagrich, to the Prothonotary

2 D. & C.

of the Court of Common Pleas of Philadelphia County on Jan. 31, 1922," and on the same day the defendant filed a petition for a rule to show cause why he should not be discharged from arrest under the terms of the Act of June 1, 1915, P. L. 704; that a rule was allowed by the court, returnable Feb. 10th, and an order made discharging defendant pending hearing, upon the entry of security.

There is no averment that security was entered or that the proceeding is pending and undisposed of. A surrender to the prothonotary did not relieve the sureties on the bond. The affidavit is insufficient to prevent the entry of judgment; but a rule has been allowed to show cause why an *exoneretur* should not be entered on the bail, which, for reasons stated in the opinion filed in that proceeding, has been made absolute. Under these circumstances, judgment should not be entered against the bail. Rule discharged.